UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 09-314-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

## INTRODUCTION

The Court considers the Defendants' motion to dismiss or, alternatively, for summary judgment [R. 36] and the Plaintiff's motion for summary judgment [R. 37]. For the reasons explained below, the Defendants' motion will be granted, and the Plaintiff's motion will be denied, and this case will be dismissed.

### I.

Plaintiff Robert Smith ("Smith"), an individual currently incarcerated at the Beaumont Federal Correctional Institution in Beaumont, Texas, filed this action pursuant to the doctrine set forth in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971),[1] regarding events occurring during an earlier incarceration in the United States Penitentiary in Pine Knot, Kentucky ("USP-McCreary"). [R. 2.] In the *Bivens* portion of his action, Smith named former USP-McCreary Correctional Officer Russell Roberts, and former USP- McCreary Warden D.L.

1

Stine as defendants in their individual capacities.  Smith alleges that the defendants violated the Eighth Amendment prohibition against cruel and unusual punishment.  *Id.*  Specifically, he alleges that on or about July 24, 2008, while he was located in the Special Housing Unit ("SHU"), the defendants allowed inmates to steal his personal property and legal materials located in his cell.  Smith also claims that while housed in the SHU he was denied access to his legal materials, to typing and writing material, to medical treatment, to the Courts, and to the rights afforded to inmates in general population.  Smith seeks compensatory damages of $1,999.23 for his lost/stolen property, and $1,500.00 per day for 300 days for the alleged civil rights violations.

## II.

### A.

Federal Rule of Civil Procedure 12(b) provides for the dismissal of claims and parties for seven listed reasons.  Subsection (b)(6) provides for dismissal for failure to state a claim upon which relief can be granted.  Thereafter, Rule 12 continues, in subsection (d), as follows:

> **(d)** **Result of Presenting Matters Outside the Pleadings.**  If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties shall be given reasonable opportunity to present all material made pertinent to the motion.

*Id.*  Thus, the plain language of Rule 12(d) permits a 12(b)(6) motion to be converted into a motion for summary judgment.  As the moving defendants herein have submitted the Declaration of Carlos J. Martinez, with an exhibit attached thereto concerning the Bureau of Prisons ("BOP") record of Smith's administrative remedies which the Court has considered in evaluating the defendants' motion, summary judgment standards will be applied.

---

[1] On January 27, 2010, Smith's negligence claims filed under the Federal Tort Claims

2

In *Menuskin v. Williams*, 145 F.3d 755 (6th Cir. 1998), the Sixth Circuit reiterated the standard to be employed when considering a motion for summary judgment:

> Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, we view the evidence so that all justifiable inferences are drawn in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

*Menuskin*, 145 F.3d at 761.  *See also Street v. J. C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989). With these standards in mind, the Court examines the defendants' motion, beginning with an examination of Smith's administrative remedies.

**B.**

**1.**

Smith alleges that on August 2, 2008, he was taken to the SHU property room where his personal property was made available to him.  He states that he realized there was only "a fraction" of the property he previously possessed and that all of his legal work was missing.[2] Since that time, Smith has filed eighteen administrative remedies.  [*See* R. 36, Attach. 1.]  Out of the eighteen administrative remedies filed, only one addressed a property issue (Remedy ID. 524857-F1/F2), and Smith later withdrew it at the institutional level prior to exhaustion.  Smith also filed administrative remedies related to the conditions of his Administrative Detention (Remedy ID. 515573-F1/F2), but he failed both to properly file and to exhaust the remedy. Smith was instructed on the proper administrative remedies procedures, but he still improperly filed the remedy.  [*See* R. 36, Attachs. 1, 3.]

---

Act ("FTCA") were dismissed as barred by 28 U.S.C. § 2680(c). [R. 17.]
   [2] Smith states that instead of being provided with his own legal paperwork, he was provided with the legal documents of his cellmate, inmate Jake Brennick.

For example, November 4, 2008, Smith filed a Request for Administrative Remedy at the institutional level, known as a BP-9 ("BP-9"). The BP-9 addressed his conditions of administrative detention. On November 6, 2008, the remedy was rejected because (1) he failed to attempt an informal resolution prior to the submission of the administrative remedy, (2) he failed to submit the request through his counselor or other authorized person, and (3) the remedy would not be accepted when received via mail. [*See* R. 36, Attachs. 1, 3.]

On November 18, 2008, Smith filed a second BP-9. Once again, the BP-9 concerned his conditions of administrative detention, and once again the administrative remedy was rejected because Smith failed to submit the request through his counselor or other authorized person and because the remedy cannot be accepted when received via mail. [*See* R. 36, Attachs. 1, 3.]

On January 30, 2009, Smith filed a BP-9 addressing several grievances; including grievances related to his personal property. On February 3, 2009, the administrative remedy was rejected because (1) Smith failed to attempt an informal resolution prior to the submission of the administrative remedy, and (2) Smith was appealing more than one incident report (issue) on a single remedy form. [*See* R. 36, Attachs. 1, 3.]

On February 5, 2009, Smith filed a BP-9 addressing the rejection of the Administrative Remedy filed on January 30, 2009. Smith alleged that his informal resolution attempt, known as a BP-8, was not answered. On February 12, 2009, the grievances were informally resolved, and on February 19, 2009, the Administrative Remedy was closed and withdrawn at Smith's request. [*See* R. 36, Attachs. 1, 3.]

**2.**

In the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to make exhaustion of administrative remedies mandatory for prisoners. The statute

now provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Therefore, a prisoner must first exhaust the available administrative remedies prior to bringing a prison conditions action in a district court.  *Id*.  Shortly after the effective date of the statute, April 26, 1996, the Sixth Circuit Court of Appeals held that the language of § 1997e expressly requires the exhaustion of administrative remedies before bringing a civil action or appeal.  *Wright v. Morris*, 111 F.3d 414 (6th Cir.1997), *cert. denied*, 552 U.S. 906 (1997).

Subsequently, the United States Supreme Court confirmed the meaning of the statute.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  In *Porter v. Nussle*, 534 U.S. 516, 525 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life.  Furthermore, the Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81 (2006), that the PLRA requires not only exhaustion of the available administrative remedy process, but *proper* exhaustion of that administrative remedy process, which includes meeting deadlines and other critical procedures.  *Id*. at 93.  Additionally, the Supreme Court discussed the purposes of exhaustion and stressed that the benefits of exhaustion "can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  The prison grievance system will not have an opportunity unless the grievant complies with the system's critical procedural rules."  *Id*. at 95.

Briefly summarized, the BOP has a four-tiered administrative remedy scheme available to inmates who have a complaint about their confinement.  That scheme is explained in

Administrative Remedy Program Statement Number 1330.16 and 28 C.F.R. § 542.10-542.19. An inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. 28 C.F.R. § 542.13(a). By attempting to informally resolve the issue, the inmate provides staff with an opportunity to correct the problem, perhaps avoiding the need to file a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may initiate the formal remedy process by filing a formal written request on the appropriate Administrative Remedy Request form (BP-9) to the Warden. 28 C.F.R. § 542.14.

If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director for the geographical region in which the inmate's place of confinement is located.[3] The appeal must be submitted on the appropriate Regional Administrative Remedy Appeal form (BP-10). 28 C.F.R. § 542.15.

If the inmate is not satisfied with the Regional Director's response, he may appeal to the Office of General Counsel ("OGC") of the BOP on the appropriate Central Office Administrative Remedy Appeal form (BP-11). Appeal to the General Counsel is the final administrative appeal in the BOP's Administrative Remedy procedures. 28 C.F.R. § 542.15.

If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index. Once filed, a response shall be made by the Warden within twenty calendar days, by the Regional Director within thirty calendar days, and by the General Counsel within forty calendar days. If the time period for responding to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by twenty days at the institution level, thirty days at the regional level, or twenty days at the Central

Office level.  Staff must provide the inmate with written notice of any extensions of time.  28 C.F.R. § 542.18.

The BOP's Administrative Remedies record reveals that, contrary to Smith's contention, he did not exhaust the available Administrative Remedies with respect to the issues in his complaint, i.e., the alleged August 2, 2008, loss of personal property and legal documentation, and the alleged conditions of Administrative Detention in the SHU.  As evidence of his alleged exhaustion, Smith provided only his "Claim for Damage, Injury, or Death."  [*See* R. 2].  But this concerns Smith's claim for remedies under the Federal Tort Claims Act ("FTCA"), not his *Bivens* claims.  The FTCA, which concerns both prisoners and non-prisoners, has its own exhaustion process which is completely separate from and independent of the BOP's four-step administrative process, described above, that an inmate must follow to exhaust a *Bivens* claim.  In other words, the FTCA and *Bivens* each have their own exhaustion procedures, and Smith has a duty to fully exhaust the administrative remedies required by the two different claims.  *See Clay v. United States*, 2006 WL 2711750, at *12 (E.D. Ky. Sept. 21, 2006).

Like the present case, the plaintiff in *Staples v. Dewalt*, 2009 WL 1505560 (E.D. Ky. May 27, 2009), filed amended claims intended to be *Bivens* claims.  The district court correctly stated that *Bivens* claims are exhausted through the BOP's four-step Administrative Remedy process, and the court found that the plaintiff had exhausted the FTCA's one-step administrative process rather than the appropriate *Bivens* four-step process.  *Id*. at *4.  The district court in *Staples* went on to find that the plaintiff could have, but did not, pursue the appropriate BOP administrative remedy process for a *Bivens* claim.  *Id*.  Accordingly, the court dismissed those claims.  *Id*.; *see also Kyle v. BOP*, 2006 WL 3240763 (W.D. La. Oct. 17, 2006); *Lambert v.*

---

[3] Appeals for inmates housed at USP-McCreary would be sent to the BOP's Mid-Atlantic

*United States*, 198 F. App'x 835 (11th Cir. 2006); *Janis v. United States*, 162 F. App'x 642 (7th Cir. 2006); *Davis v. United States*, 2007 WL 3473275 (N.D. W.Va. Nov. 13, 2007); *Paulino v. United States*, 2009 WL 2996678 (E.D. Tex. Sept. 15, 2009).

In the present action, Smith failed to fully exhaust his constitutional grievances pursuant to the proper exhaustion procedures, and he ignored the filing instructions provided with the denied requests. [*See* R. 36, Attachs. 1, 3.] Smith's initial and/or erroneous filing of remedies does not constitute the "proper" exhaustion that *Woodford v. Ngo*, 548 U.S. 81 (2006), requires. Smith's unstructured approach denied the agency the opportunity to address the grievance, and it denies the court of a proper administrative record.

To reiterate, 42 U.S.C. § 1997e(a) requires a prisoner challenging conditions pursuant to 42 U.S.C. § 1983, *Bivens*, or other federal law to properly exhaust all available administrative remedies before filing suit in federal court. *Porter v. Nussle*, at 532; *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). The BOP's Administrative Remedy records reflect that Smith has properly filed and exhausted one *unrelated* administrative remedy filed at the Institutional, Regional, and Central Office levels. [*See* R. 36, Attachs. 1, 3.] Despite being provided with BOP responses containing instructions on the proper filing procedures, Smith failed to properly file and/or exhaust the administrative remedies regarding the claims raised in the underlying complaint. Thus, Smith's complaint must be dismissed for failure to exhaust.[4]

---

Regional Office in Annapolis, Maryland.

[4] "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). However, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 216. Yet, in the abstract, if review of a complaint reveals an obvious bar to relief, the complaint can be dismissed for failure to state a claim. *See id.* at 215. Consequently, an action could be dismissed for failure to state a claim because of a claimant's failure to exhaust. *Id.* at 216. Or as the Supreme Court stated in *Jones*, "that is not to say that failure to exhaust cannot be a basis for dismissal for

**3.**

*Bivens* claims in Kentucky have a one-year statute of limitations. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)). The state statute of limitations for personal injuries governs claims under *Bivens*. *See Owens v. Okure*, 488 U.S. 235, 239-40 (1998). Federal courts sitting in Kentucky "borrow" Kentucky's one-year statute of limitations for personal injury claims. *See Williams v. Gregory*, 2008 WL 2230063, at *3 (E. D. Ky. May 28, 2008) (citing Ky. Rev. Stat. § 413.140(1)). Accordingly, because the claims against the defendants in the underlying case are *Bivens* claims, the Court must adopt Kentucky's one-year statute of limitations.

Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which forms the basis for the action. *Ali v. Morgan*, 2009 WL 872896, at *2 (E. D. Ky. Mar. 27, 2009) (citing *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005)); *see also Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991). In the present action, Smith claims that on July 24, 2008, he was placed in Administrative Detention in the SHU due to an assault, and that on August 2, 2008, he was taken to the SHU's property room where he realized that a portion of his personal property was missing and that he was provided with the wrong legal documents. Thus, Smith's *Bivens* claim accrued and the statute of limitations commenced running no later than August 2, 2008.

Smith filed his complaint with the court on September 17, 2009, one year and forty-six days after he became aware of the loss of his personal property and legal documents, and more

---

failure to state a claim." *Id*.
  Here, the Court wants to highlight that Smith's claim is not being dismissed sua sponte for failure to exhaust. Rather, Defendants' motion [R. 36 & Attachs. 1, 3] makes a satisfactory showing that Smith failed to exhaust his administrative remedies. [*Id*.] Smith's Response [R. 38] fails to address Defendants' evidence of lack of exhaustion.

than a year and forty-six days after he was placed in Administrative Detention in the SHU, where he alleges the conditions were tantamount to cruel and unusual punishment. [R. 2.] Prisoner filings are deemed filed on the date they are delivered to prison authorities for mailing. *Williams*, 2008 WL 2230063, at *3 (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). When docketing Smith's complaint, the Clerk of the Court docketed, as an attachment to the complaint, a copy of the envelope in which the Plaintiff mailed his Complaint to the Court. The envelope appears to be dated September 10, 2009. [R. 2, Attach. 4]. Thus, the earliest filing date for the Plaintiff's complaint is September 10, 2009, one year and thirty-nine days after Kentucky's limitation period began to run, meaning that Smith's complaint was filed after the statute of limitations had expired.

Since prisoners cannot bring suit in federal court until they have exhausted their administrative remedies, however, the running of the applicable statute of limitations can be tolled for the period during which a prisoner is "exhausting" his administrative remedies or proceeding with administrative relief. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Cuco v. Federal Medical Center*, 2006 WL 1635668 (E. D. Ky. June 9, 2006), *aff'd*, 2007 WL 4437958 (6th Cir. 2007). In the present action, Smith's complaint was untimely filed because he did not pursue and exhaust his administrative remedies prior to filing his complaint. In *Cuco*, *supra*, the Court rejected the argument that accrual of claims is deferred until completion of the administrative remedies process. The time is only tolled while the inmate diligently pursues his administrative claim. *Gross v. Bureau of Prisons*, 2008 WL 2280094, at *3 (E.D. Ky. May 30, 2008). Smith was clearly aware of the basis for his claim no later than August 2, 2008, but he did not properly file, nor did he diligently pursue and exhaust, the available administrative remedy process prior to the expiration of the one-year statute of limitations. Therefore, Smith's

*Bivens* claims are time-barred. *See Staples v. Dewalt*, 2009 WL 1505560 (E.D. Ky. May 27, 2009).

**4.**

Liability for violation of a person's civil rights cannot be imposed on any defendant absent that defendant's personal actions. *Hicks v. Dewalt*, 2008 WL 2859031, at *4 (E.D. Ky. July 24, 2008). Stated otherwise, the Plaintiff must describe how each individual defendant acted personally to deprive him of his constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Bare, conclusory allegations that a defendant personally deprived one of constitutional or statutory rights are insufficient. *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983). In the present action, Smith has failed to articulate how Warden D.L. Stine personally deprived him of his Eighth Amendment right to be free from cruel and unusual punishment.

The doctrine of *respondeat superior* cannot form the basis of liability in a *Bivens* civil rights action. *Polk County v. Dodson*, 454 U.S. 312 (1981). Liability must be premised on the direct or personal involvement of the named defendant. *Winkelman v. John Doe, et al.*, 2007 WL 2251893, *3 (E.D. Ky. Aug. 2, 2007) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson County*, 668 F.2d 869, 872 (6th Cir. 1982); *see also Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691, (1978) ("[A] municipality cannot be held liable under §1983 on a *respondeat superior* theory.")).

In the Sixth Circuit, it is clear that *Bivens* liability will not be imposed solely upon the basis of *respondeat superior*. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. *Carrie v. Rios*, 2008 WL 320329 (E.D. Ky. Feb. 4, 2008). The requirement of personal involvement does not

11

mean that Warden Stine had to actually commit the conduct complained of, but it does require him, as a supervising official, to have 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct.' *Id*. (citing *Hays*, 668 F.2d at 874). Defendants without personal involvement or participation in the unconstitutional act must be dismissed. *Rizzo v. Goode,* 423 U.S. 362, 375-76 (1976).

Smith's complaint fails to articulate how Defendant Warden D. L. Stine, a prison administrator in his supervisory capacity, was directly involved and/or encouraged, implicitly authorized, approved, knowingly acquiesced, or in any way orchestrated the alleged unconstitutional conduct. Smith merely states that "because the Warden was the superior of [defendant] officer Roberts, he must assume responsibility for the damages incurred by the Plaintiff." [R. 2.] Smith implies that the Warden allowed prison staff to violate his rights, but he does not provide specific facts demonstrating how the Warden was directly involved in or encouraging the alleged unconstitutional conduct. *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Smith's *Bivens* claims against Warden D.L. Stine must therefore be dismissed for failure to state a claim.

Like Smith's claims against Warden Stine, his allegations against C.O. Roberts are equally conclusory and do not allege specific conduct by Roberts that may have violated Smith's Eighth Amendment rights. Smith merely assumes that Roberts "was in complicity with the inmates in the theft of the property[.]" [R. 2.] The foregoing case law concerning *respondeat superior* liability is equally applicable to Smith's claims against C. O. Roberts. *See Hicks v. Dewalt*, 2009 WL 1505560 (E.D. Ky. May 27, 2009); *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).

Additionally, there is no indication that C.O. Roberts had any supervisory authority

and/or decision making authority regarding an inmate's access to legal materials, access to typing and writing material, access to medical treatment, and the rights afforded to inmates in the general population. Smith's unsupported, conclusory allegations are insufficient to establish a deliberate violation of his Eighth Amendment rights by C.O. Roberts.

**5.**

In addition to a dismissal based on Smith's failure to exhaust his administrative remedies, his failure to file his complaint within the one-year statute of limitations, and his failure to state a claim of a constitutional dimension, the defendants are also entitled to summary judgment. To create a genuine issue of material fact, the nonmovant must do more than present some evidence on a disputed issue. The Supreme Court stated:

> there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (internal citations omitted); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The evidence presented by the nonmovant must be more than the nonmovant's own pleadings and affidavits in order to survive summary judgment. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990). Here, not only has Smith failed to state a deprivation of clearly established legal rights, there is no factual allegation or evidence that the federal defendants committed any acts that violated the current law. *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994).

**6.**

In the Amended Memorandum Opinion and Order entered January 27, 2010 [R. 17], the

Court dismissed Smith's FTCA claims against the United States, effectively dismissing the United States as a party to this action. In making that decision, the Court cited exceptions to the United States' liability found in 28 U.S.C. § 2680 (a)-(n). These exceptions include "the detention of any goods, merchandise, or other property by any . . . law enforcement officer." 28 U.S.C. § 2680(c) (2000). However, the Court also permitted the claims against the Defendants Roberts and Stine to proceed not only against them individually, under *Bivens*, but also against them in their official capacities. By allowing these claims to proceed against these defendants in their official capacities, the Court effectively reinstated the FTCA action against the United States.

A *Bivens* claim is only properly asserted against individual federal employees in their individual capacities. "[A] Bivens claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983), *cert denied*, 466 U.S. 958 (1984)). When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Clay v. United States, et al.,* 2006 WL 2711750 (E. D. Ky. Sept. 21, 2006) (citing *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975)).

### III.

Accordingly, **IT IS ORDERED** as follows:

(1) The Defendants' motion to dismiss, or in the alternative, motion for summary judgment [R. 36] is **GRANTED**;

(2) The Plaintiff's motion for summary judgment [R. 37] is **DENIED**;

(3) All claims having been resolved, this action is **DISMISSED** and **STRICKEN**

from the docket; and

      (4)    Judgment in favor of the named Defendants shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 30th day of September, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge